IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MISTY BECRAFT on Behalf of Herself and All Others Similarly Situated, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>GIFTED TOUCH, LLC and PATRICE PADRON, )<br>)<br>Defendants. ) | Class & Collective Action<br><br><br><br>CAUSE NO. 1:25-cv-515 |

**COMPLAINT FOR DAMAGES**

This is a Class and Collective Action brought on behalf of all former and current non-exempt employees who worked for Gifted Touch, LLC ("Gifted Touch") ("the Class" and the Collective Class") against Defendants, against Gifted Touch and Patrice Padron.

**I. Parties**

1. Each member of the Class and Collective Class is or was a non-exempt employee who worked at Gifted Touch at all times relevant to this action.

2. Plaintiff, Ms. Becraft, is a resident of Indianapolis, Indiana.

3. Defendant, Gifted Touch, is a limited liability company that is headquartered in Indianapolis, Indiana.

4. Defendant, Mrs. Padron, is a member of Gifted Touch.

5. Mrs. Padron manages Gifted Touch.

6. Mrs. Padron determines the compensation of the employees of Gifted Touch.

7. Mrs. Padron determines who is paid overtime wages for the employees of Gifted Touch.

## II. Jurisdiction and Venue

8. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. §1331, in that the claim arises under the laws of the United States. Specifically, Plaintiff and the Class and Collective Action members bring this action to enforce their rights under the FLSA, as allowed by 29 U.S.C. §216.

9. This court has jurisdiction to hear these state claims pursuant to the court's supplement jurisdiction under 28 U.S.C. §1367.

10. Venue in the Southern District of Indiana, Indianapolis Division, is appropriate by virtue of Plaintiffs' residence and Defendants doing business in this District.

## III. Class and Collective Action Allegations

11. Plaintiff brings this case as a collective action pursuant to 29 U.S.C. §216(b) on behalf of a class consisting of all similarly situated persons who are or were employed as non-exempt employees of Gifted Touch which is owned and managed by Mrs. Padron ("the Collective Action").

12. Plaintiff brings this case as a class action pursuant to Rule 23 on behalf of a class consisting of all similarly situated persons who are or were employed as non-exempt employees of Gifted Touch which is owned and managed by Mrs. Padron ("the Wages Class").

13. Plaintiff brings this case as a class action pursuant to Rule 23 on behalf of a class consisting of all similarly situated persons who are or were employed as employees of Gifted Touch which is owned and managed by Mrs. Padron who had monies deducted from their wages in violation of the Wage Deduction Statute ("the Deduction Class").

14. The members of the Wage Class and Collective Action were non-exempt employees.

15. The members of the Wage Class and Collective Action routinely worked forty (40) or more hours in one workweek.

16. The members of the Wage Class and Collective Action were not paid overtime premiums of time and a half of their regular rate when they worked forty (40) or more hours in a workweek.

17. The members of the Wage Class and Collective Action were not paid for all hours that they performed work at either their regular or overtime rates.

18. The members of the Deduction Class are and were employees who had money deducted from their wages in violation of Indiana's Wage Deduction Statute.

19. The members of the Deduction Class did not sign written assignments permitting the wage deductions.

20. The members of the Deduction Class had monies deducted from their wages for reasons not permitted by Indiana law.

21. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class or collective action. The names, e-mail addresses, home addresses, and relevant documentation of

members of the Class and Collective Action should be in the business records of Defendants. Notice may be provided to members of the Class and Collective Action or their personal representatives via first class mail and/or e-mail using techniques and a form of notice similar to those customarily used in class and collective actions.

### IV. Factual Allegations

22. Ms. Becraft was an employee of Gifted Touch.

23. Ms. Becraft began working for Gifted Touch in August 2023.

24. Ms. Becraft was paid on an hourly basis.

25. Ms. Becraft was paid $15.00 per hour.

26. Ms. Becraft was not paid time and a half her regular rate for any time worked over 40 hours in a given workweek.

27. Ms. Becraft routinely worked over forty (40) hours in a workweek.

28. Ms. Becraft worked over forty (40) hours for example the workweeks paid on the following dates: September 1, 2023; September 8, 2023; September 15, 2023; December 8, 2023; December 15, 2023; January 12, 2024; February 9, 2024; and February 16, 2024.

29. Defendants did not have a good faith reason for failing to pay Mrs. Becraft these overtime premiums.

30. Defendants willfully failed to pay Mrs. Becraft these overtime premiums.

31. Defendants did not have a good faith reason for deducting monies from the wages of Mrs. Becraft.

32. Mrs. Becraft quit her employment with Defendants on February 19, 2025.

**Count I - Collective Action**
**Failure to Properly Pay Overtime Wages**
**Pursuant to the FLSA, 29 U.S.C. §201 *et. seq.***

33. Plaintiffs incorporate paragraphs 1 through 32 by reference herein.

34. Plaintiff and the members of the Collective Action are or were employees of Defendants pursuant to the FLSA.

35. Gifted Touch was/is an employer pursuant to the FLSA.

36. Mrs. Padron was/is an employer pursuant to the FLSA.

37. Plaintiff and the members of the Collective Action are covered employees pursuant to enterprise coverage under the FLSA.

38. Defendants had gross revenues of at least $500,000.00 for the 2021 calendar year.

39. Defendants had gross revenues of at least $500,000.00 for the 2022 calendar year.

40. Defendants had gross revenues of at least $500,000 for the 2023 calendar year.

41. Defendants had gross revenues of at least $500,000 for the 2024 calendar year.

42. Mrs. Padron made the decision to not pay overtime premiums to the members of the Collective Action.

43. Mrs. Padron made the decision to pay employees via W-2 or 1099.

44. Plaintiffs and the members of the Collective Action have been and continue to be damaged by Defendants' violations of the FLSA.

WHEREFORE, Plaintiff prays that the Court:

A. Enter an award for Plaintiff and the members of the Collective Action for the overtime wages owed to them during the course of their employment with Defendants with interest as permitted by the FLSA.

B. Enter an award for liquidated damages with interest as permitted by the FLSA.

C. Enter an order awarding Plaintiff and the members of the Collection Action all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the FLSA.

D. Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

WELDY LAW

*/s/Ronald E. Weldy*
Ronald E. Weldy, #22571-49

## Count II - Class Action
## Wage Payment Statute

45. Plaintiffs incorporate paragraphs 1 through 44 by reference herein.

46. Plaintiff and the members of the Wage Class were not paid all overtime wages due and owing to them during their employment.

47. Plaintiff and the members of the Deduction Class were not paid all wages due and owing to them during their employment.

48. Plaintiff and the members of the Wage Class have been and continue to be damaged by Defendant's violations of the Wage Payment Statute.

49. Plaintiff and the members of the Deduction Class have been and continue to be damaged by Defendants' violations of the Wage Payment Statute.

WHEREFORE, Plaintiff prays that the Court:

A. Enter an award for Plaintiff and the members of the Class for the actual wages owed with interest.

B. Enter an award for liquidated damages with interest as permitted by the Wage Payment Statute.

C. Enter an order awarding Plaintiff and the members of the Class all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the Wage Payment Statute.

D. Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

WELDY LAW

*/s/Ronald E. Weldy*
Ronald E. Weldy, #22571-49

### Count III – Alternative Individual Claim
### Failure to Properly Pay Overtime Wages
### Pursuant to the FLSA, 29 U.S.C. §201 *et. seq.*

50. Plaintiffs incorporate paragraphs 1 through 49 by reference herein.

51. Plaintiff was an employee of Mrs. Padron pursuant to the FLSA.

52. Plaintiff was an employee of Gifted Touch pursuant to the FLSA.

53. Plaintiff is a covered employees pursuant to enterprise coverage under the FLSA.

54. Mr. Patel is an employer pursuant to the FLSA.

55. Mrs. Padron made the decision to not pay overtime premiums to the members of the Collective Action.

56. Plaintiff has damaged by Defendants' violations of the FLSA.

WHEREFORE, Plaintiff prays that the Court:

A. Enter an award for Plaintiff for the overtime wages owed to them during the course of their employment with Defendants with interest as permitted by the FLSA.

B. Enter an award for liquidated damages with interest as permitted by the FLSA.

C. Enter an order awarding Plaintiff all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the FLSA.

D. Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

WELDY LAW

*/s/Ronald E. Weldy*
Ronald E. Weldy, #22571-49

## Count IV – Alternative Individual Claim
## Wage Payment Statute

57. Plaintiffs incorporate paragraphs 1 through 56 by reference herein.

58. Plaintiff was not paid all overtime wages due and owing to her during her employment.

59. Defendants took illegal deductions from the wages of Plaintiff.

60. Plaintiff has damaged by Defendants' violations of the Wage Payment Statute.

WHEREFORE, Plaintiff prays that the Court:

A. Enter an award for Plaintiff for the actual wages owed with interest.

B. Enter an award for liquidated damages with interest as permitted by the Wage Payment Statute.

C. Enter an order awarding Plaintiff all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the Wage Payment Statute.

D. Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

WELDY LAW

*/s/Ronald E. Weldy*
Ronald E. Weldy, #22571-49

## IV. Jury Demand

61. Plaintiff incorporates paragraphs 1 through 60 by reference herein.

62. Plaintiff demands a trial by jury.

Respectfully submitted,

WELDY LAW

*/s/Ronald E. Weldy*
Ronald E. Weldy, #22571-49
Class & Collective Action Counsel

Weldy Law
11268 Governors Lane
Fishers, IN 46037
Tel: (317) 289-0483
Fax (317) 288-4013
E-mail: rweldy@weldylegal.com